KEARNEY COUNTY, PLAINTIFF IN ERROR, v. ROBERT P. STEIN, DEFENDANT IN ERROR.

[FILED MARCH, 27, 1889.]

1. **Special Election for Voting Bonds:** LIABILITY OF COUNTY FOR PUBLISHING NOTICE. Where a county board calls a special election, in a township of the county, under the provisions of sections 14–17 of chapter 45 of the Compiled Statutes of 1887, for the purpose of voting upon a proposition for the issuance of the bonds of such township in aid of the construction of a railroad, and gives notice of the election in a newspaper published in the county, it was *held*, that the county was liable for the expenses of publishing the notice for the special election.

2. ———: ———. In giving the notice and causing the same to be published, issuing the bonds, and collecting the tax, the county board act as the officers of, and on behalf of the county, and not as the agents of the township.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*J. L. McPheeley*, for plaintiff in error.

*Robert P. Stein*, and *John M. Stewart*, for defendant in error.

REESE, CH. J.

Defendant in error, who was the publisher of the *Kearney County Democrat*, a weekly newspaper published in Kearney county, presented to the county board of said county his claim for $107.50 for publishing the notices of special elections to be held in the townships of Hayes and May, upon propositions for the issuance of the bonds of each of such townships to a railroad company proposing to construct a line of railroad therein. The claim was rejected by the county board, when he appealed to the dis-

trict court and there filed his petition, which alleged, in substance, that during the month of February, 1887, upon the request of the county of Kearney, he printed and published in his newspaper, for four weeks, the notices for the elections referred to, and that the service was of the value named, but which sum the county board had refused to pay.

To this petition the county demurred, assigning as grounds therefor, that the petition did not state facts sufficient to constitute a cause of action against the county. The demurrer was overruled, when plaintiff in error refused to answer or plead further, and judgment was rendered for the full amount claimed.

The county brings the cause to this court by proceedings in error, and assigns for error the decision of the district court in overruling the demurrer.

In addition to the admissions resulting from the interposition of the demurrer, it is conceded by plaintiff in error in its brief, that the services were rendered and were of the value named, and that the only question for decision is whether or not the county is liable for the charge.

Sections fourteen to seventeen of chapter forty-five of the Compiled Statutes, provide, in substance, that any precinct, township, or village, may issue bonds in aid of railroads, to an extent not exceeding ten per cent of the assessed value of the taxable property, in the manner provided by said sections. Among other things it is provided that in case a petition, signed by not less than fifty freeholders of a township, shall be presented to the county board, the said board shall give notice and call an election in the precinct, township, or village, as the case may be, the notice calling an election to be governed by the law regulating elections for voting bonds by the county. If the proposition be adopted by the required majority, the county board shall issue the bonds and levy the taxes for their payment.

By these provisions it will be seen that the notice must be given *by* the county board. In this act, as well as in the

matter of issuing bonds and providing for their payment, they act as county officers, and not as agents for the precinct, township, or village, desiring to vote the bonds. Every step, from the receipt of the petition to the payment of the bonds, except that of holding the election and voting thereat, must be taken by the county board as such. The precinct, town, or village, is not authorized in its corporate capacity to perform the acts mentioned. The county, through its duly elected and qualified officers, being the only power authorized to give the notices and call the election, it would seem to be pretty clear that the person publishing the notice and call, upon the order of such board, could not be required to look elsewhere for his compensation. It would, perhaps, be just that the expenses of publishing a notice and call should be borne by the precinct, township, or village, in which the election is to be held, but there is no provision of law requiring it.

Our attention has been called to the case of the *Township of Center v. Gilmore*, 31 Kansas, 675. In that case a majority of the supreme court of Kansas held that the township was liable for a similar claim.

Upon an examination of the statutes of Kansas under which the decision in that case was made, we find a difference between the laws of that state and this upon the subject under consideration, which we think prevents that case from being authority in this.' It is there provided that if two-fifths of the resident tax-payers of a municipal township petition the board of county commissioners, or when two-fifths of the resident tax-payers of an incorporated city shall petition the mayor and council to submit a proposition to subscribe to the capital stock of a railroad, the county commissioners "for such county or township," or the mayor and the council for such city, shall cause an election to be held to determine whether such subscription or loan shall be made, and "thirty days' notice of such election shall be given in some newspaper published, or hav-

ing a general circulation in such county, township, or city, and the election shall be held and the returns made, and the result ascertained, in the same manner as provided by law for general elections."

Section five is as follows: "If a majority of the qualified electors voting at such election shall vote for such subscription or loan, the board of county commissioners, for and on behalf of such county or township, or the mayor and council, for and on behalf of such city, shall order the county or city clerk, as the case may be, to make such subscription or loan in the name of such county, township, or city, and shall cause such bonds, with coupons attached, as may be required by the terms of said proposition, to be issued in the name of such county, township, or city, which bonds, when issued for such county or township, shall be signed by the chairman of the board of county commissioners and attested by the county clerk, under the seal of such county; and when issued for such city shall be signed by the mayor and attested by the city clerk, under the seal of said city : *Provided,* No such bonds shall be issued until the railroad to which the subscription or loan is proposed to be made, shall be completed and in operation through the county, township, or city, voting such bonds, or to such point in such county, township, or city, as may be specified in the proposition set forth in the petition required in the first section of this act."

By this section it appears that any action taken by the county commissioners, in the matter of the issuance of bonds or subscriptions by a township, the commissioners act "*for and on behalf of*" the township issuing the bonds or making the subscription, and hence as its agents. There is no such provision in the law of this state. The county boards act solely for and on behalf of the county.

It is insisted that the township is liable for the debt due defendant in error under the provisions of sections 53 and 54 of article 2 of chapter 18, Compiled Statutes of 1887.

Section 53 provides that the compensation of town officers for services rendered their respective towns, "contingent expenses necessarily incurred for the use and benefit of the town," and the moneys authorized by vote of a town meeting for a town purpose, and other moneys directed by law to be raised for town purposes, shall be deemed town charges.     By section fifty-four, it is provided that the moneys necessary to defray town charges shall be levied on the taxable property of the town in the manner prescribed by law for raising revenues.     We find nothing in these sections inconsistent with the views herein expressed.     The contingent expenses referred to cannot be deemed to include indebtedness created by any person other than the legally authorized officers of the town in transacting the proper corporate business of the town.

We think the decision of the district court was in accordance with the provisions of law, and correct.     It is, therefore, affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.